1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11
12
13

JOSEPHINE TEHRANI, individually and on behalf of other persons similarly situated,

        Plaintiff,

v.

14
15
16
17

AMAZON STUDIOS, LLC, a California Limited Liability Company; and DOES 1 through 50, inclusive,

        Defendant.

Case No.: 2:23-cv-06385-CBM-JCx

**ORDER RE: PLAINTIFF'S MOTION TO REMAND, DEFENDANT'S MOTION TO DISMISS [14] [15]**

18

19
20
21

        The matters before the Court are (1) Plaintiff Josephine Tehrani's Motion to Remand (Dkt. No. 15) and (2) Defendant Amazon Studios, LLC's ("Amazon") Motion to Dismiss under Rule 12(b)(6) (Dkt. No. 14).

22

## I.    BACKGROUND

23
24
25
26
27
28

        This is a class action employment lawsuit for unpaid wages under California state law, filed in state court on May 3, 2023.  Plaintiff alleges that she and other "non-union" background actors who worked on the *Candy Cane Lane* film set were underpaid by Amazon because Amazon failed to take into account certain "non-discretionary incentive pay" when calculating class members' regular rate of pay, thereby causing underpayment of their overtime pay.  (Dkt. No. 1-3 (First Amended

Complaint, or "FAC"), ¶ 11.)  The incentive pay included "wet work, smoke work, hair premiums, body make-up premiums, wardrobe allowances, [and] night premiums, among other things, that are not excludable under California law when calculating an employee's regular rate."  (*Id*.)  Plaintiff also alleges that Amazon failed to pay her the requisite premium for a meal and rest period that was required under state law but that she did not receive on one of the days she worked on set. (*Id*., ¶¶ 23-25.)  The FAC alleges the following state law claims: (1) failure to pay premiums for meal and rest period violations (Cal. Lab. Code § 226.7; Industrial Welfare Commission ("IWC") Wage Order 12); (2) failure to pay overtime wages (Cal. Lab. Code §§ 510, 1194); (3) failure to pay wages due and owning on separation (Cal. Lab. Code §§ 201.5, 203); (4) failure to provide accurate wage statements (Cal. Lab. Code § 226); (5) unfair business practices (Cal. Bus. & Prof. Code §§ 17200 *et seq*.); and (6) penalties pursuant to California's Private Attorneys General Act ("PAGA") (Cal. Lab. Code §§ 2699 *et seq*.).  (FAC, ¶¶ 33-79.)  The FAC also defines four subclasses, of "[a]ll current and former non-exempt non-union employees of Defendants employed as background talent in California" who allegedly are owed (1) overtime wages; (2) meal and rest break premiums; (3) waiting time penalties; and (4) damages for inaccurate wage statements.  (*Id*., ¶ 26.)

On August 4, 2023, Amazon timely removed this case to federal court on the grounds that Plaintiff's claims are preempted.  (Dkt. No. 1, ¶ 1.)  On May 10, 2024, Amazon filed a Motion to Dismiss the FAC under Rule 12(b)(6) on the grounds that Plaintiff's claims are preempted by section 301 of the LMRA and Plaintiff failed to exhaust her contractual remedies under applicable SAG-AFTRA collective bargaining agreements.  (Dkt. No. 14 ("MTD").)  On May 30, 2024, Plaintiff filed a Motion to Remand the case back to state court.  (Dkt. No. 15 ("Mot. to Remand").) The parties filed their respective oppositions to the motions on June 11, 2024 (Dkt. Nos. 17, 19) and their respective replies on June 18, 2024.  (Dkt. Nos. 20, 21.)

## II.    STATEMENT OF THE LAW

1

**A.     Motion to Remand**

2          "Only state-court actions that originally could have been filed in federal court

3    may be removed to federal court by the defendant."  *Caterpillar Inc. v. Williams*,

4    482 U.S. 386, 392 (1987).   Pursuant to 28 U.S.C. § 1331, district courts have

5    original jurisdiction over "all civil actions arising under the Constitution, laws, or

6    treaties of the United States."  28 U.S.C. § 1331.  "The general rule, referred to as

7    the 'well-pleaded complaint rule,' is that a civil action arises under federal law for

8    purposes of § 1331 when a federal question appears on the face of the complaint."

9    *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (citing *Caterpillar*,

10   482 U.S. at 392).   However, complete preemption is "an exception to the well-

11   pleaded complaint rule."  *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 686

12   (9th Cir. 2020) (citing *City of Oakland*, 969 F.3d at 905).  Such an exception exists

13   for a small category of state law claims which "necessarily raise a stated federal

14   issue, actually disputed and substantial[.]"   *Grable & Sons Metal Prod., Inc. v.

15   Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also City of Oakland*, 969 F.3d

16   at 904.  There is a "strong presumption against removal jurisdiction," and "the court

17   resolves all ambiguity in favor of remand to state court."  *Hunter v. Philip Morris

18   USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted).  "If at any time before

19   final judgment it appears that the district court lacks subject matter jurisdiction, the

20   case shall be remanded."  28 U.S.C. § 1447(c).

21   **B.     Motion to Dismiss**

22          Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be

23   dismissed for "failure to state a claim upon which relief can be granted."   "A

24   complaint may be dismissed for failure to state a claim only when it fails to state a

25   cognizable legal theory or fails to allege sufficient factual support for its legal

26   theories.  *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th

27   Cir. 2016).  "To survive a motion to dismiss, a complaint must contain sufficient

28   factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of 'his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Legal conclusions are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 545. The Court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff," *Caltex Plastics, Inc.*, 824 F.3d at 1159 (citation omitted), but it need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## III.   DISCUSSION

### A.   Motion to Remand

Plaintiff moves to remand her case back to state court on the grounds that she was not covered by the SAG-AFTRA collective bargaining agreements ("CBAs") on the days of work that gave rise to her claims and that therefore, the CBAs do not preempt her claims. (Mot. to Remand at 9–10.) In support, Plaintiff submits payment vouchers reflecting the amounts paid to her for work on February 7 and 13, 2023, which note that she received a "non-union" voucher and was paid the "non-union" rate. (*Id*. at 10–11; Dkt. No. 15-1 ("Tehrani Decl.") at Exs. A-B.) In its opposition, Amazon explains that background actors "may be covered by the [CBAs] even if they are not members of SAG-AFTRA (*i.e.*, 'nonunion') at the time

they work," and that SAG-AFTRA "represented at least the first fifty-seven background actors employed each day on *Candy Cane Lane*—whether union or nonunion—and was the exclusive bargaining representative for those actors, including on February 7 and 13, 2023." (Dkt. No. 19 at 9.)  Amazon then argues that Plaintiff was covered by the CBAs on February 22 and 23, 2023, when she worked on *Candy Cane Lane* and received a "union" voucher and was paid union rates. (*Id*. at 11–12.)

The Ninth Circuit follows a two-step test articulated in *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053 (9th Cir. 2007) to determine whether a cause of action is preempted by section 301 of the LMRA.  In the first step, "we ask whether the asserted cause of action involves a right that exists solely as a result of the CBA." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (cleaned up). "The essential inquiry is this: Does the claim seek purely to vindicate a right or duty created by the CBA itself?" *Id*. (cleaned up).  If the claim is not preempted at step one, courts move to step two and ask "whether a plaintiff's state law right is substantially dependent on analysis of the CBA, which turns on whether the claim cannot be resolved by simply 'looking to' versus 'interpreting' the CBA." *Id*. at 1153 (cleaned up).  In *Curtis*, the Ninth Circuit held that "if a CBA satisfies the requirements of [California Labor Code] section 514, the [overtime pay] requirements of section 510(a) do not apply." *Id*. at 1154 (internal quotations omitted).  Consequently, a plaintiff's claim for overtime pay then "exists solely as a result of the CBA" and is preempted by section 301. *Id*. at 1155.

### 1.   Step One

The FAC alleges that on February 13, 2023, Plaintiff worked as a background actor on *Candy Cane Lane* and was paid a base hourly rate of $16.50 and increased rates for her work over eight hours on that day.  (FAC, ¶¶ 18-19.)  It also alleges that she "earned and was promised an additional $14 for performing work that involved water (referred to on her voucher as 'WET WORK')," and that this

payment was "non-discretionary" and therefore "required to be factored into the calculation of Plaintiff's regular rate of pay[.]" (*Id.*, ¶ 20.)  Regarding meal and rest period premiums, the FAC alleges that on February 7, 2023, Plaintiff worked on *Candy Cane Lane* for "at least eight (8) hours … with no meal or rest break," and that Amazon was "required to, but did not, pay her a premium in the amount of $16.50." (*Id.*, ¶ 25.)  The FAC makes no reference to any other days that Plaintiff worked on *Candy Cane Lane* and does not bring causes of action based on work outside of February 7 and 13, 2023.  Her vouchers for these days show that she was paid the non-union rate—*i.e.*, she was not covered by the CBAs, which set different rates for background actors working pursuant to those agreements.  (Tehrani Decl., Exs. A-B.)

Amazon does not appear to dispute that Plaintiff was paid "non-union" rates on February 7 and 13, 2023.  But Amazon fails to explain why Plaintiff's claims, based on work done on these dates, are preempted because she was paid union rates on *different* days when her work *was* covered by the CBAs.[1]  Based on the facts alleged, Plaintiff was not "an employee covered by a valid collective bargaining agreement" on February 7 or 13, 2023, as required for Labor Code sections 514 or 512(d)[2] to apply, and her claims arise instead from sections 510 (overtime pay) and 226.7 (meal and rest period premiums).  Indeed, the $16.50 hourly wage Plaintiff was paid on February 7 and 13 cannot support a finding that section 514 applies since the wage rate was "less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514; *see also Rivera v. AHMC Healthcare, Inc.*, 2022 WL 716094,

---

[1] None of the cases Amazon cites support such an argument—in all three cases, plaintiffs' work was governed by CBAs that preempted their state law claims.  *See Curtis*, 913 F.3d at 1150; *Loaiza v. Kinkisharyo Int'l, LLC,* 2020 WL 5913282, at *2 (C.D. Cal. Oct. 6, 2020); *Buckner v. Universal Television, LLC*, 2017 WL 5956678, at *2 (C.D. Cal. Nov. 30, 2017) (plaintiff did not dispute the CBAs met section 514's requirements).

[2] § 512(d) provides an exception to § 226.7's meal and rest period requirements.

at *2 (C.D. Cal. Mar. 10, 2022) (Gee, J.) (remanding action to state court where employee was not covered by a "valid collective bargaining agreement" as that term is used in section 514, and thus plaintiff's "own overtime claim" was not displaced by a CBA that otherwise qualified under section 514).

### 2. *Step Two*

Since Plaintiff's claims are not preempted at step one of the *Burnside* test, we move to step two—whether Plaintiff's claims are "substantially dependent on analysis of the CBA." *Curtis*, 913 F.3d at 1153. At step two, "claims are only preempted to the extent there is an active dispute over the meaning of contract terms. A *hypothetical* connection between the claim and the terms of the CBA is not enough to preempt the claim." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018) (emphasis in original) (cleaned up). "[W]hen liability is governed by independent state law" and "the meaning of contract terms is not in dispute, the bare fact that a collective-bargaining agreement is consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994). Preemption does not apply "simply because the court may have to consult the CBA to evaluate it; 'looking to' the CBA merely to discern that none of its terms is reasonably in dispute does not require preemption." *Cramer v. Consol. Freightways Inc.*, 255 F.3d 683, 692 (9th Cir. 2001), *as amended* (Aug. 27, 2001) (cleaned up).

Amazon argues that court interpretation of the undefined terms "wet" and "smoke, hair, body make-up, night, and wardrobe premiums" in the 2014 Basic Agreement are required "to determine which of these payments … is discretionary." (Dkt. No. 19 at 18.) But the parties do not dispute that Plaintiff performed and then received payment for "wet work," however the term is defined—the February 13, 2023 payment voucher Plaintiff received clearly indicates that she was paid for "wet work." (Tehrani Decl., Ex. B.) The only dispute is whether the "wet work" incentive pay was "non-discretionary" and should have been factored into her

regular rate of pay in calculating overtime wages.  Resolution of this issue does not require the Court to interpret the CBAs' provisions—what constitutes a "non-discretionary bonus" is a question of state law.  *See, e.g.*, *Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858, 863 (2021) (citing Division of Labor Standards Enforcement Policies and Interpretations Manual for its definition of non-discretionary bonus, which is in turn informed by the definition of "discretionary bonus" under the Fair Labor Standards Act); *see also Alexander v. Republic Servs., Inc.*, 2017 WL 2189770, at *5 (E.D. Cal. May 18, 2017) (remanding action after finding overtime claim not preempted by section 301 where "[t]he sole issue with respect to regular rates of pay raised by plaintiff's overtime claim [was] whether such rates included the non-CBA bonuses plaintiff contends they should have included").  Amazon identifies no provisions in the CBA that suggest otherwise.

Amazon argues that under the state law definition of non-discretionary bonus, "Plaintiff must show that she and other background actors received additional 'wet' pay, … *pursuant to the Agreements*, and that such payments were always required and not paid in the employer's discretion."  (Dkt. No. 19 at 18 (emphasis in original).)  This argument is unpersuasive because the FAC does not state that the $14 incentive payment was pursuant to the CBAs.  The FAC only alleges that Plaintiff "earned and was promised" $14 for "performing work that involved water."  (FAC, ¶ 20.)  Plaintiff does not need to refer to the CBAs to show that the wet work payment meets the definition of "non-discretionary bonus"—she need only allege that payment was owed "pursuant to a prior … promise." *Ferra*, 11 Cal. 5th at 863.  "Therefore, [Amazon has] not met [its] burden to show that the Court will need to interpret any specific provision of the CBAs to conclude" that the incentive pay was non-discretionary. *Sharp v. Walt Disney Co.*, 2023 WL 3147896, at *3 (C.D. Cal. Apr. 28, 2023) (remanding action to state court where court was not required to interpret CBA provisions to evaluate plaintiff's state law claims); *see also Pauley v. CF Ent.*, 773 F. App'x 357, 361 (9th Cir. 2019) ("A court may

be required to read and apply the provisions of the CBA governing Plaintiffs' compensation, and these provisions may detail fairly complicated procedures and contain a hefty dose of industry jargon, but the complexity of the analysis does not imply that *interpretation* of the provisions would be necessary").

Amazon further argues that because Plaintiff's meal and rest period claim is based on the same alleged failure to incorporate "various forms of non-discretionary incentive pay" into meal and rest period premiums, interpretation of those incentive pay terms is necessary and preempts her meal and rest period claim. (Dkt. No. 19 at 20.) The FAC alleges that on February 7, 2023, Plaintiff worked at least eight hours without a meal and rest period and did not receive a $16.50 premium for the missed meal and rest period. (FAC, ¶¶ 23-25.) It does not allege that Plaintiff received incentive pay on February 7, or that any such incentive pay should have been factored into a meal and rest period premium such that the premium owed to her is higher than $16.50. Nor does Plaintiff's February 7 payment voucher indicate any such incentive pay—the voucher indicates that she worked eight hours on February 7 as a "non-union" employee and did not receive payment for the missed meal and rest period. (Tehrani Decl, Ex. A.) Thus, the "only issue raised by [her] claim … [is] a question of state law[.]" *Livadas*, 512 U.S. at 124–125.

3.    *Preemption Based on Putative Class Claims*

Amazon argues that because Plaintiff has brought a class action suit "on behalf of all non-exempt non-union background actors," and such actors "necessarily … include the first 57 non-union background actors … covered by the Agreements," at least some claims of the putative classes are preempted, and therefore removal is proper. (Dkt. No. 19 at 22.) In her reply, Plaintiff clarifies that by "non-union," she means those background actors whose work was not covered by the CBAs—*i.e.*, the putative class does not include background actors covered by the CBAs as part of the first 57 actors hired on a given day. (Dkt. No. 21 at 4–5.)

"In class actions, 'the usual rule … is that to establish subject matter jurisdiction one looks only to the named plaintiffs and their claims.'" *Rivera*, 2022 WL 716094, at *2 (quoting *Gonzalez v. United States Immigr. & Customs Enf't*, 975 F.3d 788, 810 (9th Cir. 2020)); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 940 (9th Cir. 2001) ("a class action, when filed, includes only the claims of the named plaintiff or plaintiffs.  The claims of unnamed class members are added to the action later, when the action is certified as a class under Rule 23").  Thus, Plaintiff's Labor Code claims and UCL claim are not preempted merely because she seeks to represent a putative class.

However, Plaintiff has also brought a claim under PAGA, in which "the real party in interest is neither the named plaintiff nor the absent aggrieved employees, [but] the State of California." *Rivera*, 2022 WL 716094, at *3.  In *Rivera*, the defendants argued that plaintiff's PAGA claim was "preempted because [plaintiff] asserts her claim on behalf of [other] employees, and some of *their* claims are displaced by [the qualifying CBA]." *Id*. at *3.  The court noted that "case law does not clearly support either [party's] position," but found that because defendants did "not persuasively show that [their] conception of PAGA is the correct one" and "[w]here there is doubt as to removability, it is resolved against removal," the PAGA claim was not preempted.[3]  *Id*. (noting "Defendants point[ed] to no case providing for section 301 preemption where the plaintiff was not actually covered by the CBA in question" and remanding case back to state court).

Amazon cites to *Braswell v. AHMC San Gabriel Valley Medical Center LP*, 2022 WL 707206 (C.D. Cal. Mar. 8, 2022) in support of its position.  *Braswell* is distinguishable from this case.  There, the plaintiff conceded that CBAs covered at

---

[3] The *Rivera* court also reasoned that defendants' "conception of PAGA would lead to anomalous results," and that because "complete preemption under section 301 is intended to promote uniformity and consistency in the interpretation of [CBAs]" the "policy underlying preemption would not be served by exercising jurisdiction in this case." *Id*.

least some "aggrieved employees." *Braswell*, 2022 WL 707206, at *4.  Here, Plaintiff has expressly stated that she only seeks to represent a group of employees not covered by the CBAs, and that "non-union" in the FAC refers to those who worked while not covered by the CBAs.  As Amazon itself notes, "[u]nion membership [] is a term of art."  (Dkt. No. 19 at 23.)  Plaintiff did not define her classes to include non-exempt employees who were not *members* of the SAG-AFTRA union.  Her use of "non-union" appears to reflect the term as it was used on her vouchers—*i.e.*, hours worked that were not covered by the CBAs.

Accordingly, the Court finds that Plaintiff's claims, including her PAGA claim, are not preempted by section 301 of the LMRA.  Plaintiff's Motion to Remand is granted.

**B.     Motion to Dismiss**

Because the Court finds that remand is appropriate, Amazon's Motion to Dismiss is denied as moot.

### IV.   CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Amazon's Motion to Dismiss as moot.


**IT IS SO ORDERED.**


DATED:  AUGUST 7, 2024



HON. CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE